FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 27 2011 ★

BROOKLYN OFFICE

★ DEC 27 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

PHILIP KLEIN,

             Defendant.

11-CR-255

Amended Statement of Reasons
Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1



On May 16, 2011, Philip Klein pled guilty to all counts of a five-count indictment. Count One charged that between January 1, 2005 and December 3, 2008, the defendant embezzled, stole, purloined, and converted to his own use money and things of value of the United States Department of Health and Human Services, Administration for Children and Families, Head Start Program funds in an amount exceeding the sum of $1,000, in violation of 18 U.S.C. § 641. Counts Two through Five charged that on December 26, 2007, November 5, 2007, September 28, 2008, and October 13, 2009, the defendant attempted to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2005 through 2008, by filing and causing to be filed with the Internal Revenue Service false and fraudulent U.S. Individual Tax Returns, Forms 1040, wherein he underreported his taxable income for calendar years 2005 through 2008 by $8,469, $60,069, $33,295, and $81,422, respectively, resulting in $1,965 (2005), $15,738 (2006), $8,403 (2007), and $22,010 (2008) in additional taxes due and owing to the United States of America, all in violation of 26 U.S.C. § 7201.

Klein was sentenced on December 16, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be thirteen and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between twelve and eighteen months. Count One carried a maximum term of imprisonment of ten years. 18 U.S.C. § 641. Counts Two through Five carried a maximum term of imprisonment of five years per count. 26 U.S.C. § 7201. The guidelines range of the fine was from $5,000 to $50,000. An

order of restitution for Count One was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1. The court exercised its discretion to require restitution on Counts Two through Five as a special condition of supervisions. *See United States v. Bok*, 156 F.3d 157 (2d Cir. 1998).

Klein was sentenced to one day of incarceration and three years of supervised release. The first six months of the term of supervised release will be served in a halfway house. The second six months of the term will be served in home confinement. A $500 special assessment was imposed. Restitution was ordered in the amount of $120,700 owed to the United States Department of Health and Human Services and $33,802 owed to the United States Internal Revenue Service. The defendant is subject to forfeiture in the amount of $120,700. No fines were imposed; in light of the defendant's forfeiture and restitution obligations, it is unlikely that he will have any assets in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant's crimes were serious. He embezzled money from a government program intended to help low-income children; stole money from his employees; and concealed his earnings to evade tax laws. He used his ill-gotten gains to gamble, spending as much as $30,000 over the course of several years. Yet the defendant has led an otherwise law-abiding life. He is responsible for a large, tight-knit family, including four grown children and fifteen grandchildren. At the age of sixty-one, he suffers from

serious health problems, including heart disease, kidney disease, and diabetes. These illnesses would make a period of incarceration especially burdensome on the defendant, and would require extensive medical treatment at taxpayer expense. Although his crime is inexcusable, he has also supported his family through lawful employment and engaged in charitable work throughout his life. A sentence of a day in prison, followed by the maximum period of supervised release, reflects the seriousness of the offense and will both promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in embezzlement of government funds and tax evasion will result in a substantial restraint on liberty, as well as significant financial burdens. Specific deterrence is achieved through the limits on the defendant's movements during the first year of supervised release; the sizable restitution and forfeiture payments required; and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his strong ties to his family and his ill health.

Jack B. Weinstein
Senior United States District Judge

Dated: December 27, 2011
      Brooklyn, New York